Charles L. BINDER, Plaintiff–
Appellant,

v.

**REDFORD TOWNSHIP POLICE DE-
PARTMENT, a division of Township
of Redford; Marcus Mitchell; Gary
Harmon, Defendants–Appellees.**

No. 02–2184.

United States Court of Appeals,
Sixth Circuit.

Feb. 27, 2004.

Charles L. Binder, pro se, Livonia, MI, for Plaintiff–Appellant.

Joseph Nimako, Cummings, McClorey, Davis & Acho, Livonia, MI, for Defendants–Appellees.

Before NORRIS, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge.

Charles Binder appeals the district court's grant of summary judgment in favor of the Redford Township Police Department on Binder's claims that the police department is liable under 42 U.S.C. § 1983 for two violations of his constitutional rights: (1) officers' entry into the back garage of Binder's business without a warrant, in violation of the Fourth Amendment; and (2) officers returning a motorcycle to the person who reported it stolen without first determining whether Binder was the valid owner, in violation of the Fifth Amendment. We affirm the district court's judgment because Binder failed to present evidence that the police department maintained policies or customs authorizing either alleged violation.

## I. BACKGROUND

In this appeal from the grant of summary judgment for the police department, the court views the facts and draws all reasonable inferences in a light most favorable to Binder, the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

This saga began in Hamilton County, Indiana, where Gary Harmon sold his Harley Davidson motorcycle to a woman identifying herself as Deanna West in exchange for a $17,900 cashier's check. "West" (not her real name) and her purported husband. "Marcus Mitchell," then sold the motorcycle to Binder in Redford Township. Michigan for $10,000 in cash. Before purchasing the motorcycle. Binder called both Harmon and the Redford Township Police to confirm that the motorcycle had not been stolen.

Harmon, however, soon realized the cashier's check he accepted in payment was a forgery and filed a stolen vehicle report in Indiana. Redford Township officers, informed about the stolen vehicle report, went to Binder's van conversion shop and seized the motorcycle from the back garage.

Binder contacted his attorney who called Redford Township police officer Brian Greenstein and asked him not to release the motorcycle to Harmon until Binder could obtain a judicial hearing. Greenstein nevertheless contacted Harmon and told him he could pick up the motorcycle. By the time Binder secured a restraining order. Harmon had already retrieved the motorcycle from the impound lot.

Binder filed suit against the Redford Township Police Department. Harmon, and Mitchell, but failed to serve either Harmon or Mitchell, resulting in the dismissal without prejudice of those claims.

With respect to the Redford Township Police Department, the district court granted its motion for summary judgment, rejecting both of Binder's asserted grounds for liability under 42 U.S.C. § 1983. First, the district court found that the warrantless entry into the back garage of Binder's business did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures because the motorcycle was subject to the "automobile exception" to the warrant requirement. Second, the court ruled that Binder failed to present sufficient evidence of an unconstitutional policy or custom to support his § 1983 claim against the police department for depriving him of his property without due process.

## II. DISCUSSION

### A. The Warrantless Entry

■ The district court based its grant of summary judgment on Binder's Fourth Amendment claim solely on its conclusion that the "automobile exception" to the Fourth Amendment's warrant requirement justified the officers' entry into the garage to seize the motorcycle. The court viewed the inherently mobile character of the motorcycle as creating an exigency allowing the entry and seizure. The Fourth Amendment, however, requires more than this: "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge v. New Hampshire,* 403 U.S. 443, 468, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (holding that the police identified no exigent circumstances to justify the warrantless search of an automobile parked in a private driveway). Although probable cause suffices for the search or seizure of vehicles parked on public property (or even private property that is accessible to the public), no Supreme Court decision allows warrantless entry into areas of a home or business where the owner has a reasonable expectation of privacy simply because the police are in search of an automobile. *Cf. G.M. Leasing Corp. v. United States,* 429 U.S. 338, 351–52, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977) (holding the warrantless seizure of vehicles did not violate the Fourth Amendment because "[t]he seizures of the automobiles in this case took place on public streets, parking lots, or other open places, and did not involve any invasion of privacy").

■ The possibility that the officers' warrantless entry into the back garage of Binder's business violated the Constitution does not end our inquiry, however. To hold the Redford Township Police Department liable under § 1983 for its officers' actions. Binder must prove that an official custom or policy caused the violation of his constitutional rights. *See Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."); *Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality can be liable only for policies or customs sanctioned by an official "responsible for establishing final government policy respecting such activity." *Pembaur v. Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Binder neither pleaded any facts nor presented any evidence to support his contention that the Redford Township Police Department violates business owners' reasonable expectations of privacy as a matter of policy or custom. Consequently, the district court properly granted summary judgment in favor of the police department on Binder's Fourth Amendment claim.

704

## B. Deprivation of Property without Due Process

■ Binder did present evidence that the Redford Township police routinely do not investigate whether those claiming to own property reported stolen are entitled to its return, and he argues on appeal that this evidence creates a genuine issue of fact regarding whether an official policy or custom caused a violation of his right to due process. Binder presented no evidence, however, that the police department maintains a policy or custom of releasing such property when its rightful ownership is contested. Thus, even if in this case the officers failed to provide Binder with the process he was due before allowing Harmon to take possession of the motorcycle. Binder cannot hold the police department liable absent proof of an official policy or custom authorizing such a violation. *Oklahoma City v. Tuttle,* 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). The district court therefore properly granted summary judgment for the police department on Binder's due process claim.

## III. CONCLUSION

Because Binder failed to present sufficient evidence to raise a genuine issue of fact as to whether a Redford Township Police Department policy or custom caused either alleged violation of his constitutional rights, this court affirms the district court's grant of summary judgment.